[Cite as *McPeck v. Smith*, 2012-Ohio-3603.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE   COUNTY**

| | | |
|---|---|---|
| PATRICK McPECK | : | |
| | : | Appellate Case No. 2011-CA-64 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CVI-796 |
| v. | : | |
| | : | |
| LINDA L. SMITH | : | (Civil Appeal from |
| | : | Xenia Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2012.

. . . . . . . . . . .

PATRICK McPECK, 200 East Clay Street, Lewisburg, Ohio 45338
        Plaintiff-Appellee, *pro se*

LINDA L. SMITH, 15 Westerly Lane, Centerville, Ohio 45458
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant Linda Smith appeals from a judgment in the amount of

$2,754.03 rendered against her in the Xenia Municipal Court. She contends that the trial court erred by permitting the admission of irrelevant evidence during trial. She also contends that the trial court did not permit her to present her evidence.

{¶ 2} We conclude that any irrelevant evidence that was admitted was harmless. We further conclude that the record does not support Smith's claim that she was not permitted to present evidence. Accordingly, the judgment of the trial court is Affirmed.

## I.   A Test Drive Leads to Litigation

{¶ 3} In April 2011, plaintiff-appellee Patrick McPeck advertised the sale of his vehicle. Smith responded to the advertisement and requested a test drive of the vehicle. Smith returned the vehicle in damaged condition, due to a collision with a deer during the test drive. McPeck brought this action in the Xenia Municipal Court, Small Claims Division, for $2,754.03, representing the damages to the vehicle. The matter was tried, and the trial court rendered judgment in favor of McPeck. Smith appeals.

## II.   The Trial Court Did Not Commit Plain Error in
## Allowing Testimony to Which There Was No Objection

{¶ 4} Smith has failed to comply with the Rules of Appellate Procedure regarding the filing of appellate briefs and has, instead, filed a letter with this court. Smith's letter does not contain any assignments of error, as required by App.R. 16(A)(3). In the interest of justice, we have inferred two assignments of error from the arguments set forth in Smith's letter to this court.

**{¶ 5}** Smith's First Assignment of Error is as follows: "THE TRIAL COURT ERRED BY ADMITTING IRRELEVANT EVIDENCE DURING TRIAL."

**{¶ 6}** Smith contends that the trial court erred by permitting McPeck to testify to "the history of [the parties'] contact, length of time of the test drive, allegations that I had offered to take responsibility privately, etc."

**{¶ 7}** Smith did not object to McPeck's testimony. Therefore, she has waived all but plain error. "The plain-error doctrine is not favored in appeals of civil cases, 'and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401." *Stewart v. Nazir*, 2d Dist. Montgomery No. 23806, 2010-Ohio-6346, ¶ 26.

**{¶ 8}** As a general rule, only relevant evidence is admissible. Evid.R. 401. However, relevant evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Evid.R. 402; Evid.R. 403(A). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

**{¶ 9}** After reviewing the transcript filed in this case, we conclude that the trial court did not commit plain error in admitting testimony concerning the "history" of the parties' contact. McPeck related to the court the circumstances surrounding Smith's test drive of the car. This background information was relevant, and would not, in any case, have prejudiced

the factfinder, an attorney serving as an acting judge of the Xenia Municipal Court.

{¶ 10}    The trial court did not commit plain error in permitting McPeck to testify regarding the length of Smith's test drive of the vehicle.   Smith was permitted an opportunity to explain that she was in possession of the vehicle for one and one-half hours, because she had stopped at a grocery store and ridden on "a country road so [she] got a really good feel for the car."   While this information is not necessarily relevant to the action, we see no reasonable possibility that the admission of this evidence prejudiced Smith.   The essential fact, which the trial court clearly took to be the essential fact, is that the vehicle was damaged while Smith was driving it.

{¶ 11}    Finally, we turn to the claim that the trial court committed plain error by admitting testimony concerning settlement negotiations between the parties.   Evid.R. 408 prohibits the admission of settlement proposals "to prove liability for or invalidity of the claim or its amount."   The rule does not require exclusion when evidence of a settlement is offered for other purposes. *Id.*.

{¶ 12}    The record shows that McPeck testified that he had a damage estimate from a car dealership of $2,754.03, and that he offered to let Smith purchase the vehicle for that amount.   He further testified that she refused the offer.

{¶ 13}    Even if it was error to permit this testimony, it was not plain error.   McPeck did not testify that Smith agreed to this damage assessment.   Indeed, he testified that she did not accept the offer. It is unlikely that the admission of this testimony prejudiced the factfinder.

{¶ 14}    Smith's First Assignment of Error is overruled.

### III. The Record Does Not Support Smith's Claim that the
### Trial Court Prevented her from Presenting her Case

{¶ 15} Smith's Second Assignment of Error is as follows: "THE TRIAL COURT ERRED BY FAILING TO PERMIT SMITH TO FULLY PRESENT HER CASE AT TRIAL."

{¶ 16} Smith contends that the trial court "cut her off," and denied her the opportunity to "fully respond" during the trial of this matter. In support, she contends that no evidence was presented that McPeck did not have adequate insurance coverage on the vehicle. She claims that had she known he lacked insurance, she would not have taken the vehicle off McPeck's property. She further claims that her insurance company informed her that she was not liable for the damage, and consequently she did not present any independent estimates for the cost of repairing the vehicle. She asks this court to give her time to submit such estimates.

{¶ 17} The only instance in the transcript where it appears the trial court interrupted Smith occurred when Smith began testifying that McPeck was selling the car because his wife was pregnant and the couple wanted to "put up a fence for his existing child to be fenced in in the yard and –." At that point, the trial court interjected with the following statement: "Miss Smith, let me ask you to focus on – you've admitted you had the vehicle when it became damaged. Now we're talking about the damage amount. He's alleged that he has an estimate there that I see on his table of twenty-seven fifty-four oh [sic] three. What do you want me to know about that?" Thereafter, Smith went on with her testimony without any

interruption.

{¶ 18}  With respect to Smith's claim that had she known McPeck lacked insurance, she would not have taken his car for a test drive, Smith actually testified as follows: "It's my understanding that he had no coverage on the car.  And certainly had I known that, I would not have taken it off the property."  Furthermore, in response to the trial court's question, "And why do you not believe you'd be responsible?," Smith testified, "Because the owner of the car is responsible for carrying insurance on it, and he had no insurance on the car at all is my understanding."

{¶ 19}  We find no error.  The trial court was merely attempting to keep Smith focused on the issues in the case.  Smith was permitted to proceed with her presentation.  We find no support in the record for Smith's claim that the trial court "cut her off," and did not let her present her case.

{¶ 20}  With regard to McPeck's insurance coverage, we find nothing in the record from the trial court to support Smith's claim that McPeck lacked coverage.  Indeed, the only evidence regarding McPeck's coverage was McPeck's testimony that he called his insurance company to discuss the accident.  Smith merely testified that "it was her understanding" that McPeck lacked coverage.  She did not offer any evidence to support this claim.

{¶ 21}  We agree with the trial court that McPeck's insurance coverage, or lack thereof, is not material to Smith's liability for the damage to McPeck's car.  Smith does not allege that McPeck misrepresented his insurance coverage to her.

{¶ 22}  Finally, we address Smith's claim that she was informed, by her insurance carrier, that she was not liable for the damages to McPeck's vehicle.  Apparently, Smith

relied upon this alleged statement for the proposition that she could not be held liable for the damages. She argues that she did not believe she had a need to offer an independent estimate of the cost of repairs to the vehicle. She argues that she should be given time to submit her own proof on the issue of damages.

{¶ 23} Regardless whether Smith's insurance company made a statement to her regarding her liability, Smith was required to present all of her evidence during trial. She did not present any evidence, documentary or testimonial, to rebut McPeck's evidence regarding the costs of repair. As an appellate court, we are limited to a review of the proceedings below. We cannot accept any new evidence that should have, or could have, been submitted during trial.

{¶ 24} The undisputed evidence in this case shows that Smith took McPeck's vehicle for a test drive and collided with a deer during that drive. McPeck's vehicle was damaged. McPeck presented evidence of the cost of repairs to the vehicle. Smith did not present any evidence to dispute or rebut the damage assessment. Thus, the trial court did not err in crediting McPeck's evidence of damages.

{¶ 25} Smith's Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 26} Both of Smith's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and FRENCH, JJ., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Patrick McPeck
Linda L. Smith
Hon. David P. Mesaros